| 24 | 131 |
| e97 | 370 |

## REUBEN H. GREENE & *al. versus* AMASA DINGLEY.

In replevin, where *non cepit* is pleaded, with a brief statement alleging the property in the articles replevied to be in the defendant, the plaintiff, after proving the taking, is not bound to prove property in himself; but it is incumbent on the defendant to show that he is the owner thereof.

Where the facts are ascertained, what is a reasonable time is a question of law to be decided by the Court; where the facts are in dispute, it is to be decided by the jury under the instruction of the Court in matter of law; and if the Judge decides a question rightly, which should have been submitted to the jury, a new trial will not be granted for so doing.

If the payment of a note be secured by a mortgage of personal property, a demand of payment of the amount due on the note, after it became payable, is a waiver of forfeiture of the mortgaged property.

The mortgagee may, however, in such case, take the property into his own possession, unless he has relinquished the power so to do, and hold it subject to redemption.

If the mortgagee takes the mortgaged property into his possession, after the money has become payable, with the full understanding of the parties that the same was taken in full discharge of the note secured by the mortgage, his title becomes perfect, and nothing short of a repurchase will restore the mortgagor to his former rights.

What the intention of the parties was, when the property was delivered up by the mortgagor to the mortgagee, is for the decision of the jury.

REPLEVIN for a pair of steers. Writ dated Oct. 12, 1840. Plea, *non cepit.* Brief statement, that the property in the steers was in the defendant.

At the trial, before SHEPLEY J. the plaintiffs proved the taking of the steers by the defendant, and rested. The counsel

for the defendant requested the presiding Judge to rule, that the plaintiffs must prove the property to be in themselves before they could sustain their action. This the Judge declined to do, and ruled, that the only question, besides the taking, presented by the pleadings, was, whether the property in the steers was in the defendant.

The exceptions refer to certain depositions as part of the case, but copies of them are not among the papers. They are noticed in the opinion of the Court, as also the other evidence in the case.

There was no other request for any ruling of the Court; and the only ruling, except as before given, was in these terms.

The Judge instructed the jury, that if they believed, that the plaintiffs did render and deliver up the steers, as testified to in Hutchins' deposition; and if they also believed, that the defendant, after the steers were so delivered and surrendered to him, did hold the conversation, as testified to by the plaintiffs' witnesses, that conversation was a waiver of the forfeiture, and restored to the plaintiffs the right of redeeming the steers from the defendant by payment or tender of the sum due on the note, provided the payment or tender was made in a reasonable time; and that they would consider whether it was made within a reasonable time.

The jury found a verdict for the plaintiffs, and the defendant filed exceptions.

The steers were taken from the plaintiffs by the defendant on Oct. 2, 1840, and the tender was made on the twelfth of the same month. The testimony shew, that the statements of Dingley were made between the time of his taking the steers, and the time of commencing the suit, which was on the same day the tender was made, without stating the precise day. The amount due from the plaintiffs to the defendant on the mortgage was about twenty dollars, and the steers were estimated by the witnesses to be of the value of seventy dollars.

The exceptions state, that the plaintiffs introduced testimony to prove, that between the taking of the steers by Dingley and the commencement of this suit, the defendant at different

times, in conversation with different witnesses, said, that he did not wish to take advantage of Greene; that all he wanted was his right, which, as he said, was twenty dollars and some cents, the balance due on the note secured by the mortgage. These statements of Dingley were communicated to Greene before the tender, but not at the request or with the knowledge of Dingley.

*Moor*, in his argument for the defendant, contended, among other things, that the plaintiff in replevin, in order to prevail in his action, must prove an unlawful taking or an unlawful detention of the property. *Badger* v. *Phinney*, 15 Mass. R. 359; *Baker* v. *Fales*, 16 Mass. R. 147; *Marston* v. *Baldwin*, 17 Mass. R. 606; *Simpson* v. *McFarland*, 18 Pick. 429; *Seaver* v. *Dingley*, 4 Greenl. 306.

Where personal property is mortgaged, the property is at law absolute in the mortgagee, when the condition is broken; and if the mortgagor has any remedy, it is in equity. When this action was commenced there was no equity of redemption after failure to perform the condition. The defendant had the absolute property in the steers at the time of the tender, and an offer of the amount due could not transfer the title to the plaintiffs. *Flanders* v. *Barstow*, 18 Maine R. 358; 18 Pick. 429; 17 Mass. R. 419; 1 Pick. 399; 11 Pick. 289. After the delivery up of the property by Greene to Dingley, the former ceased to have any right whatever to the steers.

The instruction that the conversation of Dingley was a waiver of the forfeiture, was erroneous. If there was a forfeiture, as the instruction seems to admit, the greatest possible right the plaintiffs could have had at that time, was a power to obtain a decree in their favor in a court of equity. The action of replevin, as the law then was, could not be maintained. *Flanders* v. *Barstow*, 18 Maine R. 358.

The presiding Judge erred in deciding, that the conversations of Dingley amounted to a waiver, instead of leaving it to the jury, with instructions as to what in law amounted to a waiver. *Swan* v. *Drury*, 22 Pick. 485. Besides, this con-

versation was not with the plaintiffs, nor intended to be communicated to them ; and had it been, it was without consideration, and on that account could destroy no rights of the defendant. Verbal admissions should be received with great caution. Greenl. Ev. 233.

The Judge erred also in leaving to the jury to determine, whether the tender was made within a reasonable time. This is to be decided by the Court, and not the jury. 1 Stark. Ev. 450, 459 ; 2 Stark. 787 ; 1 Metc. 305.

The ruling, that under the pleadings the plaintiff was not bound to prove the property to be in himself, was erroneous. At the time the plea was filed, the defendant was bound to plead the general issue. Stat. 1831, c. 514. The law will not consider a plea so made an admission of any fact. If issue be joined on the right of property, the plaintiff must prove either a general or special property in himself. 2 Stark. Ev. 713. Here the brief statement put in issue the property in the steers.

*Boutelle* and *Evans,* for the plaintiffs, contended, that to support the issue of *non cepit,* the plaintiff must prove either an unlawful taking, or an unlawful detention, but not property in the plaintiffs, for this plea admits it. 2 Selw. N. P. 1213 ; *Seaver* v. *Dingley,* 4 Maine R. 317 ; *Whitwell* v. *Welles,* 24 Pick. 25. The defendant might, perhaps, under this issue have proved property in himself, because it would have shown that the plaintiffs had no claim to damages for the detention ; but in such case the defendant would not have been entitled to a return of the goods. Hammond's N. P. 463.

The defendant might well plead property in himself, but he must, under that plea or brief statement, show the property to be in him, or he must fail, after the plaintiffs had proved the taking. 2 Selw. N. P. 1225 ; 1 Pick. 362 ; 4 Maine R. 317.

Although the condition of the mortgage had been broken by the nonpayment of the note, and the defendant had a right to hold the property as forfeited, he had a right to waive the forfeiture, and did, as we say, waive it. The time of perform-

ance may be enlarged, or the place be changed, and this may be shown by parol. Greenl. Ev. § 304, and cases cited; *Flanders* v. *Barstow*, 18 Maine R. 357; Chitty on Con. 110, 111, and cases cited; 1 Esp. R. 53. In some of the cases the time was enlarged before the breach, and in others afterwards. *Gage* v. *Loomis*, 7 Maine R. 394; 3 T. R. 590; 15 Maine R. 61; 7 Maine R. 70; 19 Maine R. 303; 1 Esp. R. 53.

An agreement to extend the time for the performance of an act may be implied as well as express. 8 Maine R. 213; 4 Pick. 525; 7 Maine R. 70; 19 Pick. 346.

No consideration for that particular act is necessary to support a waiver of time of performance. No case has been found where it has been required. But if a consideration is necessary, it is found in a moral obligation, or in agreeing to receive money instead of animals. It was but a continuation of the original contract, and the former consideration is sufficient. Chitty on Con. 110, 111; 1 M. & Selw. 21; 3 Stark. Ev. 104; 3 T. R. 590.

The question of waiver is generally a question of intention arising out of the circumstances, and is properly left to the jury. Chitty on Bills, 338, and cases cited; *Marston* v. *Baldwin*, 17 Mass. R. 606. It was so left here.

What is a reasonable time, or what is a waiver, is a question of law, to be determined by the Court, on certain facts, or certain evidence. *Hill* v. *Hobart*, 16 Maine R. 164.

But if the question of reasonable time or of waiver, might have been properly left to the jury, the verdict will not be set aside, when the decision, as here, was right. *Copeland* v. *Wadleigh*, 7 Maine R. 141; *Emerson* v. *Coggswell*, 16 Maine R. 77.

The opinion of the Court was prepared by

TENNEY J. — This is an action of replevin for a yoke of steers. The defendant pleaded the general issue of *non cepit*, and filed a brief statement, alleging therein that the property was in himself.

The defendant was once the owner of the steers, and sold them to the plaintiffs, taking for the purchase money a note secured by a mortgage of the steers; it was agreed that the plaintiffs should have possession of the steers till the maturity of the note. Sometime after the note was payable, the larger part thereof was received by the defendant; the balance remained unpaid for about two years, when the defendant made a demand, and on the reply of one of the plaintiffs, that he could not pay it, the defendant demanded the steers, and passed the bill of sale and note, being upon the same paper, to one of the plaintiffs, who examined them and in presence of the other plaintiff, pointed to the steers, and said, "there are your steers, take them," and on inquiry made by the defendant, told him he turned them out as his, the defendant's, property, and shortly after repeated the language, and the steers were driven away by the defendant. It appeared from the plaintiffs' evidence, that within ten days after the steers were driven away by the defendant, he said to a third person, without the knowledge of the plaintiffs or any design that it should be communicated to them, that he did not wish to take any advantage of them, that all he wanted was his right, which was the balance due upon the note. The plaintiffs were informed of this conversation, and in ten days after the defendant took away the steers, made a tender of that balance and demanded the steers; the defendant refused to deliver them, saying that the note was paid by them; and afterwards this action was commenced.

The Judge ruled, that the plaintiffs were not required, after offering proof of the taking, to show property in themselves; and instructed the jury, that if they believed the steers were delivered to the defendant in the manner stated; and also believed that the defendant did hold the conversation afterwards, as appeared from the testimony introduced by the plaintiffs, the latter was a waiver of the forfeiture and restored to the plaintiffs the right of redeeming the steers by the payment or tender of payment of the balance of the note, provided the

tender was made within a reasonable time after the demand was made of the balance of the note by the defendant.

On an issue taken upon the plea of *non cepit*, it is incumbent on the plaintiff to prove the taking alleged, but the defendant cannot question the plaintiffs' title; that must be derived in a special plea or brief statement. 1 Chitty's Pleadings, 159; *Simpson* v. *McFarland*, 18 Pick. 427. The requirement in the statute, which was in force when this action was first tried, that the general issue should in all cases be pleaded, cannot dispense with the necessity, on the part of the defendant, of showing the property to be that of the one who is alleged in the brief statement to be the owner. And if the title of the plaintiff could not be disputed under this issue, previous to the statute, it is not seen how it can be done, with any propriety, since its passage.

Another ground of exception is, that the question, whether the tender and demand of the steers were made in a reasonable time, was left to the jury. This was a question of law upon the facts, of which facts the jury were the judges. It often happens, that facts are in dispute, and what is reasonable time, is a mixed question of law and fact. In the case at bar, there was no controversy in this particular, and the jury have found that the tender and demand were made within a reasonable time. And in view of all the facts, the Court are not satisfied, that the jury erred in so deciding. If that which is the province of the Court to determine is submitted to the jury, and their decision is correct, a new trial will not be granted, when the same result must take place.

The demand of payment of the balance of the note at the time, when the defendant took away the steers, being a long time after the money was due, was a waiver of the forfeiture of the property mortgaged. It was however the right of the defendant, at any time after the note became payable, to take the property into his own possession, he not having relinquished the power to do so, longer, than the maturity of the note. It does not appear, that the note and mortgage were given up to the plaintiffs, when the steers were taken away by the defend-

ant though they were passed into the hands of one of the plain-tiffs, before they turned out the steers. If there was a full un-derstanding of the parties that the steers were taken in discharge of the note, and that no right of redemption remained in the plaintiffs, the property vested absolutely in the defendant, and his title was no less perfect, than it was before he first parted with it, and nothing short of a repurchase would restore to the plaintiffs their former rights.

But if the property was demanded by the defendant and delivered by the plaintiffs, that it might be holden only as se-curity and to hasten or enforce the payment, and the note was undertood by the parties to be outstanding and unpaid, of which facts the conversation with third persons may be re-garded as evidence, a payment or tender, and a demand of the property within a reasonable time by the plaintiffs, would entitle them to a restoration. What the intention of the parties was, when the steers were delivered to the defendant and driven away by him, was a fact which we think the jury should have settled, and the right to have it so determined was never relinquished by the defendant.

*Exceptions sustained.*